IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **MELISSA FENDLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| Vs. | ) | |
| | ) | **6:21-cv-00452-RDP** |
| **GREEN TOP CAFÉ, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO COMPLAINT

Defendant Green Top Café, Inc. ("Green Top") answers Plaintiff's Complaint as follows.

In response to the factual allegations of the Complaint, Green Top says:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

**RESPONSE:** GREEN TOP admits that the Complaint seeks declaratory and injunctive relief pursuant to the ADA but denies that Plaintiff is entitled to such relief. GREEN TOP admits that this Court has subject matter jurisdiction over this cause.

1

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

**RESPONSE:** GREEN TOP admits that venue is proper in the United States District Court for the Northern District of Alabama, Jasper Division.

3. Plaintiff, MELISSA FENDELY (hereinafter referred to as "FENDLEY") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. FENDLEY suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility. Prior to instituting the instant action, FENDLEY visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. FENDLEY continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

**RESPONSE:** GREEN TOP has no knowledge regarding FENDLEY's residency or whether she is a person protected by the ADA. GREEN TOP is also not aware if FENDLEY ever visited GREEN TOP's

premises, as a bona fide patron or as a premise for filing this action, or if she intends to visit GREEN TOP'S premises in the future. Therefore, GREEN TOP denies these allegations of this paragraph. GREEN TOP further denies that it violated the ADA with respect to FENDLEY's access to and use of its public accommodations and denies that FENDLEY has any intent to visit its premises in the future.

4. The Defendant, THE GREEN TOP CAFÉ, INC. is a domestic corporation registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief THE GREEN TOP CAFÉ, INC. (hereinafter referred to as "THE GREEN TOP CAFE") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically The Green Top BBQ Restaurant located at 7530 Highway 78 E., in Dora, Alabama (hereinafter referred to as the "Restaurant").

**RESPONSE:** GREEN TOP admits that it is a corporation organized and existing under the laws of Alabama and is licensed and doing business in Alabama. GREEN TOP further admits that it is subject to the ADA with respect to the operation of its business located at 7530 Highway 78 E., in Dora, Alabama ("the Premises").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

**RESPONSE:** GREEN TOP is unaware what FENDELY contends are the "events giving rise to this lawsuit" and therefore denies the allegations of this paragraph.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

**RESPONSE:** GREEN TOP avers that the ADA speaks for itself.

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by THE GREEN TOP CAFE is a place of public accommodation in that it is a restaurant operated by a private entity that provides goods and services to the public.

**RESPONSE:** GREEN TOP avers that the ADA and regulations promulgated thereto speak for themselves. GREEN TOP admits that its business is a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act, as amended.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe

and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 et seq.

**RESPONSE:** Denied.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by THE GREEN TOP CAFE. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the specific barriers listed in Paragraph 11, below, that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. FENDLEY has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

**RESPONSE:** Denied.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

**RESPONSE:** GREEN TOP avers that the ADA and regulations promulgated thereto speak for themselves.

11. THE GREEN TOP CAFE is in violation of 42 U.S.C. §12181 et seq. and 28 C.F.R. §36.302 et seq. and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

   i. There are no accessible or van accessible parking spaces in the parking lot;

   ii. The entry vestibule has doors in series that provide insufficient floor space for a wheelchair user between the exterior and interior parts of the entry doors;

   iii. There is no lowered seating section at the bar for a wheelchair user;

   iv. The Men's and Women's toilet rooms are located on a lower level that is accessed from the main level by 4 steps and no wheelchair accessible route is provided to access the toilet rooms;

   v. The Men's and Women's toilet room entry doors are too narrow for a wheelchair user to enter;

    vi.    The Men's and Women's toilet room entry doors have knob-type door hardware that requires tight grasping and twisting of the wrist to operate;

    vii.    The Men's and Women's toilet rooms lack accessible signage;

    viii.    At the entry the Men's and Women's toilet room entry foyers, there are doors in series that provide insufficient clear floor space for a wheelchair user to enter or exit the toilet rooms;

    ix.    At the Men's and Women's toilet rooms, the water closets have no grab bars for a wheelchair user;

    x.    At the Men's and Women's toilet rooms the hot water and drain pipes are not insulated at the lavatories for a wheelchair user;

    xi.    At the Men's and Women's toilet rooms the mirrors are mounted too high for a wheelchair user;

    xii.    At the Men's and Women's toilet rooms the paper towel dispensers and the soap dispensers are out of reach of a wheelchair user.

**RESPONSE:** GREEN TOP denies that it violated the ADA with respect to FENDLEY's access to and use of its public accommodations.

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by THE GREEN TOP CAFE that were not

specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

> **RESPONSE:** GREEN TOP denies that it violated the ADA with respect to FENDLEY's access to and use of its public accommodations. GREEN TOP avers that FENDLEY in good faith cannot claim futility because prior to fling this suit FENDELY never requested GREEN TOP to correct any alleged barriers to access to the Premises or provided notice to GREEN TOP that she consider certain features of the Premises to present barriers to access.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

> **RESPONSE:** GREEN TOP denies that it violated the ADA with respect to FENDLEY's access to and use of its public accommodations.

14. Pursuant to the ADA, 42 U.S.C. §12101 et seq. and 28 C.F.R. §36.304, THE GREEN TOP CAFE was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, THE GREEN TOP CAFE has failed to comply with this mandate.

**RESPONSE:** GREEN TOP avers that the ADA and regulations promulgated thereto speak for themselves. GREEN TOP denies that it violated the ADA with respect to FENDLEY's access to and use of its public accommodations.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

**RESPONSE:** GREEN TOP denies that Plaintiff was required to obtain the services of any legal counsel to secure GREEN TOP's compliance with the ADA. Plaintiff failed to make any efforts whatsoever to secure compliance with the ADA prior to filing this cause. Therefore, GREEN TOP contends that no attorney's fees, costs and expenses are reasonable under the circumstances.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**RESPONSE:** GREEN TOP avers that the ADA speaks for itself.

WHEREFORE, the Plaintiff demands judgment against THE GREEN TOP CAFE and requests the following injunctive and declaratory relief:

A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

**RESPONSE:** GREEN TOP denies that the Plaintiff is entitled to any of the relief sought in his Complaint.

---

### DEFENSES

---

1. The Premises made the subject of the Complaint complies with the Americans with Disabilities Act.

2. Plaintiff fails to state a cause of action under the ADA because the declaratory relief sought is unavailable under the circumstances here where a plaintiff merely seeks a legal determination already before the Court on a plaintiff's claim for injunctive relief.

3. Plaintiff fails to state a cause of action under Title III of the ADA, because the ADA does not authorize courts to issue orders to require general compliance with the ADA and/or to adopt and implement a general policy of non-discrimination.

4. Plaintiff lacks standing.

5. Plaintiff lacks standing to bring the claims asserted because she does not have a sufficient intent to return to the subject location.

6. To the extent any element of the Premises departs from accessibility guidelines, GREEN TOP has provided "equivalent facilitation" in the form of alternative designs, technologies and access that offer substantially equivalent or greater access to and usability of the facility.

7. The claimed violations are "*de minimus*," and do not materially impair Plaintiff's access to the premises made the subject of Plaintiff's Complaint.

8. Any alterations of the facility are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. § 36.402(a)(1); 42 U.S.C § 12183(a)(2).

9.  To the extent barriers to accessibility by individuals with disabilities exist, removal of such barriers is not readily achievable.

10. To the extent barriers to accessibility by individuals with disabilities exist, any features of the premises altered after January 26, 1992, are readily accessible to and usable by individuals with disabilities to the maximum extent feasible.

11. The removal of barriers to access is not easily accomplishable and cannot be carried out without much difficulty or expense.

12. GREEN TOP has made a good faith effort to comply with all requirements of the ADA, and has reasonable grounds for believing that its actions and/or inactions comply with all applicable statutes.

13. With no efforts to achieve removal of barriers to accessibility prior to the institution of this cause, Plaintiff is not entitled to an award of reasonable attorney's fees, costs or expenses.

14. Plaintiff is estopped from claiming entitlement to an award of reasonable attorney's fees, costs or expenses.

15. Plaintiff is not entitled to an award of reasonable attorney's fees, costs or expenses because she has unclean hands and has not acted in good faith.

                                                        *s/   David B. Walston*
                                                        David B. Walston

                                                        Attorney for Defendant THE GREEN TOP CAFÉ, INC.

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama  35203
Main telephone:   (205)_795-6588
Direct telephone:   (205) 250-6636
E-mail:         dbwalston@csattorneys.com

## **CERTIFICATE OF SERVICE**

      I certify that on April 27, 2021, this document was filed with the Court through the CM/ECF filing system that will serve on all counsel of record through said system.

                Edward I. Zwilling, Esq,
                Law Office of Edward I. Zwilling, LLC
                4000 Eagle Point Corporate Dr.
                Birmingham, Alabama 35242
                E-mail:         edwardzwilling@zwillinglaw.com

                                                    */s/   David B. Walston*
                                                     Of counsel